1  BENJAMIN B. WAGNER
   United States Attorney
2  S. ROBERT TICE-RASKIN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2738

5  Attorneys for Plaintiff
   United States of America
6

7

8
                    UNITED STATES DISTRICT COURT
9
              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
   UNITED STATES OF AMERICA,      )    Case No. Cr.12-174 GEB
11                                 )
                    Plaintiff,     )    STIPULATION REGARDING
12                                 )    EXCLUDABLE TIME PERIODS UNDER
           v.                      )    SPEEDY TRIAL ACT;[PROPOSED]
13                                 )    FINDINGS AND ORDER
   KATHE RASCHER                   )
14                                 )
                    Defendant.     )
15                                 )
                                   )
16

17      Plaintiff United States of America, by and through its

18 counsel of record, and defendant, by and through her counsel of

19 record, hereby stipulate as follows:

20      1.   Defendant first appeared before Magistrate Judge

21 Newman, a judicial officer in the court in which this charge is

22 pending, on May 10, 2012.  On that date, this matter was set for

23 status on June 8, 2012 before Judge Burrell.  In addition, at the

24 request of defendant, for the purpose of computing time under the

25 Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial

26 must commence, the time period from May 10 through June 8, 2012,

27 was deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and B

28 (iv) [Local Code T4].

1    2.    By this stipulation, defendant now moves to continue
2  the status conference until July 6, 2012 and to exclude time
3  between June 8, 2012 and July 6, 2012 under Local Code T4.
4  Plaintiff does not oppose this request.
5    3.    The parties agree and stipulate, and request that the
6  court find the following:
7    a.    The government has represented that there is voluminous
8          discovery associated with the case which includes
9          investigative reports and related documents in
10         electronic form (approximately 2,000 pages of documents
11         (209 MB of .pdf documents)) and hundreds of pages of
12         materials obtained via grand jury subpoena.  All of
13         this discovery has been either produced directly to
14         counsel and/or made available for inspection and
15         copying.
16   b.    Counsel for defendant desires additional time to
17         consult with his client, to review the current charges,
18         to conduct investigation related to the charges, to
19         review and potentially copy discovery for this matter,
20         and to otherwise prepare for trial.
21   c.    Counsel for defendant believes that failure to grant
22         the above-requested continuance would deny him the
23         reasonable time necessary for effective preparation,
24         taking into account the exercise of due diligence.
25   d.    The government does not object to the continuance.
26   e.    Counsel for defendant has specifically discussed all of

the contents of this stipulation with his client and
represents that his client concurs with the contents of
this stipulation.

f.   Defendant Kathe Rascher has specifically discussed all
of the contents of this stipulation with her counsel
and represents that she concurs with the contents of
this stipulation.

g.   Based on the above-stated findings, the ends of justice
served by continuing the case as requested outweigh the
interest of the public and the defendant in a trial
within the original dates prescribed by the Speedy
Trial Act.

h.   For the purpose of computing time under the Speedy
Trial Act, 18 U.S.C. § 3161, et seq., within which
trial must commence, the time period of June 4, 2012 to
July 6. 2012, inclusive, is deemed excludable pursuant
to 18 U.S.C.§ 3161(h)(7)(A), B (iv) [Local Code T4]
because it results from a continuance granted by the
judge at defendant's request on the basis of the
judge's finding that the ends of justice served by
taking such action outweigh the best interest of the
public and the defendant in a speedy trial.

4.   Nothing in this stipulation and order shall preclude a
finding that other provisions of the Speedy Trial Act dictate
that additional time periods are excludable from the period
within which a trial must commence.

IT IS SO STIPULATED.

DATED:    30 May 2012.

                        /s/ Tice-Raskin
                        S. ROBERT TICE-RASKIN
                        Assistant United States Attorney

DATED:    30 May 2012.

                        /s/ Don Heller
                        DONALD HELLER
                        Counsel for Defendant

DATED:    30 May 2012.

                        /s/ Kathe Rascher
                        KATHE RASCHER
                        Defendant


                        O R D E R


    IT IS SO FOUND AND ORDERED.

Dated:  May 31, 2012

                        GARLAND E. BURRELL, JR.
                        United States District Judge